UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

BETTY SMITH,

      Plaintiff,

v.                                                                        Case No. 3:14cv96/RS/CJK

MUTUAL SAVINGS LIFE INSURANCE,

      Defendant.

_____/

## REPORT AND RECOMMENDATION

      Plaintiff, proceeding *pro se* and *in forma pauperis*, has filed a second amended complaint asserting claims under 18 U.S.C. § 1028; 15 U.S.C. § 20; the Due Process Clause of the United States Constitution; and the Interstate Commerce Act; as well as the Florida Communications Fraud Act, Fla. Stat. § 817.034.  (Doc. 10, pp. 2, 3). Plaintiff predicates this court's subject-matter jurisdiction on federal question and diversity jurisdiction. (*Id.*, pp. 1, 2).  Upon review of the second amended complaint, the court concludes that this case should be dismissed for lack of subject-matter jurisdiction, because plaintiff's allegations are inadequate to invoke federal question or diversity jurisdiction.  The court further concludes that even if plaintiff could establish a jurisdictional basis for maintaining this suit in federal court, this action should be dismissed for failure to state a claim upon which relief can be granted.

BACKGROUND AND PROCEDURAL  HISTORY

Plaintiff is a resident of Pensacola, Florida.  She is suing Mutual Savings Life Insurance Company ("Mutual Savings"), a corporation allegedly residing in Decatur, Alabama.  (Doc. 10, p. 2 ¶ 2 and Attach.).  Plaintiff claims Mutual Savings committed fraud when it induced her to buy an insurance policy by "stating that they would pay out moneys to me if I was ever Hospitalized or had to receive treatment from any doctor," when Mutual Savings "never intended on paying out any moneys to their insured people when they were hospitalized or had doctor visits." (Doc. 10, p. 2 ¶ 2). Plaintiff alleges she "wrote to [Mutual Savings] numerous times when she was hospitalized and had to receive out patient care from her doctors" (doc. 10, p. 2), but her letters went unanswered.  (*Id*.).  As relief, plaintiff demands the following:

> The petitioner due [sic] request the amount mention in her grounds of $100,000.00 from the defendants.  Because if one add up all the times that I been to the doctor and all my Chemotherapy visit and hospital visit.  It's way over a 100 times.  Plus the depression/anxiety that I went through trying to contact the defendants for my pay outs.

(*Id*., p. 3).

DISCUSSION

Subject-Matter Jurisdiction

The jurisdiction of the federal courts is limited by the scope defined by the Constitution and by statute.  *In re Carter*, 618 F.2d 1093, 1098 (5th Cir. 1980)[1]; *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) ("It is by now axiomatic that the inferior federal courts are courts of limited jurisdiction.  They are

---

[1]In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress.") (*quoting Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)).  Subject-matter jurisdiction is a threshold inquiry that the court is required to consider before addressing the merits of any claim.  *See Fitzgerald v. Seaboard Sys. R.R., Inc.*, 760 F.2d 1249, 1251 (11th Cir. 1985) ("A federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises.").  The court may raise the issue of subject-matter jurisdiction *sua sponte* at any point in the litigation when a doubt about jurisdiction arises.  *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506, 126 S. Ct. 1235, 163 L. Ed. 2d 1097 (2006); *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001) (raising the issue of subject matter jurisdiction *sua sponte*).  "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).

A.      Federal Question Jurisdiction

Section 1331 provides district courts with subject-matter jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.  "[A] cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law."  *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63, 107 S. Ct. 1542, 95 L. Ed. 2d 55 (1987).  "A well-pleaded complaint presents a federal question where it establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law."  *Smith v. GTE*, 236 F.3d at 1310 (quotation omitted).

Even a claim that arises under the Constitution, laws, or treaties of the United States may be dismissed for lack of subject-matter jurisdiction if (1) "the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction," or (2) "such a claim is wholly insubstantial and frivolous." *Blue Cross & Blue Shield of Ala. v. Sanders*, 138 F.3d 1347, 1352 (11th Cir.1998) (quotation omitted). A claim is "wholly insubstantial and frivolous" so as to warrant dismissal for lack of subject-matter jurisdiction only "if the claim has no plausible foundation, or if the court concludes that a prior Supreme Court decision clearly forecloses the claim." *Id*. (quotation omitted).

Plaintiff's assertions that Mutual Savings violated 18 U.S.C. § 1028; 15 U.S.C. § 20; the Due Process Clause and the Interstate Commerce Act have no plausible foundation. Title 18 United States Code § 1028 is a criminal statute and provides no civil cause of action or civil remedy. *See, e.g., Garay v. U.S. Bancorp*, 303 F. Supp. 2d 299, 302 (E.D. N.Y. 2004) (holding that 18 U.S.C. § 1028 is criminal in nature and provides no private right of action); *Rahmani v. Resorts Int'l Hotel, Inc.*, 20 F. Supp. 2d 932, 937 (E.D. Va. 1998) (holding that 18 U.S.C. § 1028 provides no private cause of action); *see also Vasile v. Dean Witter Reynolds, Inc.*, 20 F. Supp. 2d 465, 477 (E.D. N.Y. 1998) ("It is also a general precept of criminal law that unless the statute specifically authorizes a private right of action, none exists."). Plaintiff fails to set forth any basis establishing that Congress intended a private right of action under 18 U.S.C. § 1028. *See Suter v. Artist M.*, 503 U.S. 347, 363, 112 S. Ct. 1360, 118 L. Ed. 2d 1 (1992) (stating that the party seeking to imply a private right of action bears the burden to show that Congress intended to make one available).

Plaintiff's claim under 15 U.S.C. § 20 is wholly insubstantial, as that statute was repealed in 1990.  *See* 15 U.S.C. § 20.

A plaintiff seeking to bring a procedural due process claim must establish that: (1) she was deprived of a constitutionally protected liberty or property interest, (2) through state action, and (3) she was not provided with a constitutionally adequate process to contest the deprivation.  *Arrington v. Helms*, 438 F.3d 1336, 1347 (11th Cir. 2006).  The conduct at issue here involves the purely private conduct of a private company, not state action by the State of Florida or any other state actor. Accordingly, plaintiff cannot rely on a federal claim grounded in due process as a basis to invoke the court's federal question jurisdiction.

Plaintiff's assertion that Mutual Savings violated the Interstate Commerce Act because it was not licensed to sell insurance in Florida at the time plaintiff bought her policy is inadequate to demonstrate a federal question, as plaintiff makes no allegation that Mutual Savings, or its action in selling her an insurance policy, is subject to the Interstate Commerce Act.

Plaintiff's second amended complaint fails to establish a basis on which this court may exercise federal question jurisdiction under 28 U.S.C. § 1331.

B.     Diversity Jurisdiction

Plaintiff's second asserted jurisdictional basis is diversity of citizenship under 28 U.S.C. § 1332.  Diversity jurisdiction requires that the plaintiff and defendant be citizens of different states and that the amount in controversy exceed $75,000.  28 U.S.C. § 1332(a); *Exxon Mobil Corp. v. Allapattah Servs., Inc*., 545 U.S. 546, 552, 125 S. Ct. 2611, 162 L. Ed. 2d 502 (2005).  "Generally, in diversity cases, the courts determine the amount in controversy from the complaint itself, unless it appears, or

is in some way shown, that the amount stated in the complaint is not claimed in good faith." *Lewis v. Abbott Labs.*, 189 F. Supp. 2d 590, 592 (S.D. Miss. 2001) (*citing Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 353, 81 S. Ct. 1570, 6 L. Ed. 2d 890, 894 (1961)). "[I]f, from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed . . ., the suit will be dismissed." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289, 58 S. Ct. 586, 590, 82 L. Ed. 845 (1938).

It is apparent from the face of plaintiff's pleadings that plaintiff cannot recover in excess of $75,000. The only allegation in plaintiff's second amended complaint supporting her claim for $100,000 is her estimation that she has been to the doctor's office, hospital and chemotherapy facility more than 100 times. This allegation, even when read together with the Cancer and Special Disease Policy attached to her second amended complaint, does not support a claim for recovery in excess of $75,000.

Failure to State a Claim

Even if plaintiff met the jurisdictional amount sufficient to invoke the court's diversity jurisdiction, her complaint would be subject to dismissal for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii) (provision of the *in forma pauperis* statute requiring the court to dismiss a case at any time if the court determines that the action fails to state a claim on which relief may be granted). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). The court accepts all factual allegations in the complaint as true and evaluates all reasonable inferences derived from those facts in the light most favorable to the plaintiff.

*Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). In applying this rule, however, only <u>well pleaded</u> factual allegations are taken as true and only <u>reasonable</u> inferences are drawn in favor of the plaintiff. *See Oladeinde v. City of Birmingham*, 963 F.2d 1481, 1485 (11th Cir. 1992); *Marrero v. City of Hialeah*, 625 F.2d 499, 502 (5th Cir. 1980); *see also Associated Builders, Inc. v. Ala. Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974) ("unwarranted deductions of fact are not admitted as true"). Mere "labels and conclusions" are not accepted as true. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007) (*citing Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986) (noting that courts "are not bound to accept as true a legal conclusion couched as a factual allegation")); *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1951, 173 L. Ed. 2d 868 (2009) (explaining that conclusory allegations are not entitled to a presumption of truth); *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1266 (11th Cir. 2009) (stating that "in testing the sufficiency of the plaintiff's allegations, we do not credit . . . conclusory allegations as true"). A court may consider documents attached to the complaint, and may also consider documents extrinsic to the complaint (without invoking the summary judgment procedure), but only if the document in question is central to plaintiff's claim and its authenticity is undisputed. *See Day v. Taylor*, 400 F.3d 1272, 1274 (11th Cir. 2005); *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002).

As the Supreme Court reiterated in *Iqbal*, *supra*, although Rule 8 of the Federal Rules of Civil Procedure does not require detailed factual allegations, it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.*, 129 S. Ct. at 1949. A complaint must state a plausible claim for relief, and "[a] claim has

*Page 8 of  9*

facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The mere possibility that the defendant acted unlawfully is insufficient to survive dismissal for failure to state a claim. *Id.* The complaint must include "[f]actual allegations . . . [sufficient] to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1965, that is, "across the line from conceivable to plausible." *Id.*, 550 U.S. at 570, 127 S. Ct. at 1974. A complaint is also subject to dismissal for failure to state a claim if the complaint's allegations – on their face – show that an affirmative defense bars recovery on the claims. *Marsh v. Butler Cnty., Ala.*, 268 F.3d 1014, 1022 (11th Cir. 2001); *see also Jones v. Bock*, 549 U.S. 199, 215, 127 S. Ct. 910, 920-21, 166 L. Ed. 2d 798 (2007) (reiterating that principle and providing, as an example, that if a complaint's allegations show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim).

As discussed above, plaintiff's allegations do not state a plausible claim for relief under 18 U.S.C. § 1028; 15 U.S.C. § 20; the Due Process Clause of the United States Constitution; or the Interstate Commerce Act. Plaintiff also seeks to hold Mutual Savings liable for fraud under the Florida Communications Fraud Act, Fla. Stat. § 817.034. (Doc. 10, p. 2 ¶ 2). Section 817.034, however, provides relief only against a "person." *See* Fla. Stat. § 817.034 (making it unlawful for any "person" to engage in a scheme to defraud and thereby obtain property of value).

As a final matter, plaintiff's reference to two provisions of the Florida Not For Profit Corporation Act, Fla. Stat. §§ 617.1501 and 617.1502, does not state a plausible basis for recovery as these sections do not create a private right of action,

*Case No: 3:14cv96/RS/CJK*

and as plaintiff alleges no facts suggesting Mutual Savings is a not-for-profit corporation.

Accordingly, it is respectfully RECOMMENDED:

1.  That this case be DISMISSED for lack of subject matter jurisdiction and for failure to state a claim upon which relief may be granted.

2.  That the clerk should be directed to close the file.

At Pensacola, Florida this 3rd day of June, 2014.


/s/ *Charles J. Kahn, Jr.*

**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy hereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).